## SUPREME COURT.

### BILSBOROW agt. WILLIAM H. TITUS.

### SAME agt. PETER H. TITUS.

Where deeds were executed in pursuance of a *parol partition*, made many years before, with a legal purpose, and fully carried into effect, each party taking possession of the portion allotted to him;

*Held*, that although the instruments vesting the severalty in each, were executed at a time when one of the parties had become *insolvent*, and after the institution of legal proceedings against him, and although the practical effect of this was to protect the property from the creditors of such insolvent party, yet it was not the original design (which was legal and proper), in executing the deeds. It was not, therefore, within the meaning of the act which renders void deeds made with the intent to hinder, delay or defraud creditors.

*New - York Special Term, April,* 1857.

THESE actions were brought to set aside conveyances in partition, and a lease of certain premises in the city of New-York, executed by George H. Titus.

PLATT, GERARD & BUCKLEY and PALMER & TAYLOR, *for plaintiff.*

STEPHEN P. NASH and S. W. & R. A. GAINES, *for defendants.*

CLERKE, Justice. The deeds sought to be set aside in these cases, except the assignment of the lease of the premises in Chrystie street, were executed pursuant to a parol partition, made many years before, with a legal and suitable purpose,

and fully carried into execution; each party taking possession of and enjoying the portion allotted to him. To be sure, the instruments, vesting the severalty in each, were executed at a time when one of the parties had become insolvent, and after the institution of legal proceedings against him. But, although the practical effect of this was to protect the property from the creditors of George H. Titus, against whom these proceedings were commenced, yet this was not the original design, which, as I have said, was legal and proper. By executing the deeds he was fulfilling an engagement, which in law and conscience he was bound to perform before. It was not, therefore, within the meaning of the act which renders void deeds made with the intent to hinder, delay or defraud creditors.

With regard to the assignment of the lease to William H. Titus, this was executed for a full consideration, which was paid at the time of the execution and delivery of the instrument. The evidence on this point is positive, and has not been questioned.

The parties, at the time the parol partition was made, were solvent, and in all respects competent to make it. It was complete; and, if it was not a perfectly equal partition, that was a fit subject for their consideration at the time, and cannot be inquired into now. The parties were satisfied with it; and if the partition was valid at all, it cannot now be disturbed. A reference, therefore, cannot be allowed, even if otherwise proper, to ascertain whether any sum is equitably due to the estate or to the creditors of George H. Titus, by reason of any possible irregularity of the partition.

Judgment for defendant, in each case, with costs.